IN THE MATTER OF THE PETITION OF THE NEW YORK PROTESTANT EPISCOPAL PUBLIC SCHOOL TO VACATE ASSESSMENT, ETC.

*Application to vacate an assessment — Costs of an appeal to the General Term — what sum will be allowed as — power of the Special Term to allow them.*

Upon an appeal from an order of a General Term reversing, with ten dollars costs and disbursements, an order of the Special Term vacating an assessment, the Court of Appeals reversed the order of the General Term, with costs. Upon the filing of the remittitur, an order was made at Special Term directing that the petitioners recover their costs of the appeal taken from the Special to the General Term.

*Held,* that the petitioner was only entitled to recover for the costs of the appeal to the General Term the sum of ten dollars and his disbursements.

*Quære,* as to the right of the Special Term to make any allowance of costs on the appeal to the General Term.

APPEAL by the petitioner from an order made at Special Term, readjusting the costs on a preceding appeal taken to the General Term of this department.

*George C. Genet,* for the petitioner appellant.

*Thomas P. Wickes,* for The Mayor, etc., of New York, respondent.

DANIELS, J. :

An order was made in this proceeding at Special Term vacating the assessment which was the subject of complaint. Upon the appeal taken from that order it was reversed with ten dollars costs, besides disbursements, to the appellant. From the order then made a further appeal was taken by the petitioner to the Court of Appeals, where the order of the General Term was reversed, with costs. When the remittitur from the Court of Appeals was filed an order was entered at Special Term directing that the petitioners recover their costs of the appeal taken from the first order. Under the authority of that order the clerk allowed to the petitioner, by way of costs upon the appeal from the Special to the General Term twenty dollars before argument and forty dollars for argument; but on the readjustment made by the court these items were reduced to the sum of ten dollars, and it is because of that reduction that the present appeal has been taken on behalf of the petitioner. By way of supporting it the counsel for the appellant has urged that this was a special proceeding and for that reason that the costs upon the appeal to the General Term should be the same as those allowed upon an appeal from a judgment or an order granting or denying a new trial. But it does not follow from the circumstance that it is a special proceeding that such costs should be allowed to the successful party. What the Code has provided is that the rates should be the same in a special proceeding as are allowed for similar services in an action brought in the same court. (Code of Civil Pro., § 3240.)

The appeal which is the subject of consideration was taken from an order, and the proceedings in it were not of the nature of those required to be considered in the appeals mentioned in subdivision 4, section 3251 of the Code of Civil Procedure. It has been the practice, on the contrary, to regard such an appeal simply as an appeal from an order to be compensated by a sum not exceeding that of ten dollars under the provisions of subdivision 3, section 3251 of the Code, and that practically was the construction given by this court to a similar provision contained in another statute, at the time when it allowed costs upon the appeal which is now in question to the party that was then successful.

But if that construction shall not be considered well founded the result must still be the same; for the costs of such an appeal, whether the proceeding be considered as a motion or a special proceeding, are in the discretion of the court determining the appeal. That was not exercised by the direction given as a part of its decision by the Court of Appeals, for that related only to the costs of that court. (Sisters of Charity v. Kelly, 68 N. Y., 628.) The only discretion which could be effectually exercised over this subject was that of the General Term itself, but that in no form has been used or exercised upon this subject in favor of the appellant. The direction contained in the order that costs of the appeal should be recovered was that alone of the Special Term, which had no power to determine what might be a proper order for the General Term to make upon this subject in the case. It could very well regulate the costs to be allowed in the court that made it, but it could extend no further than that. No complaint, however, is made as to the allowance of ten dollars, to which sum the costs of the appeal were restricted by the order from which this appeal has been taken, and for that as well as the other reasons already assigned restricting the power over the application at the Special Term to the costs in that court the adjustment should be allowed to stand. But as no authority exists in the case for any further award of costs the order should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.